# Exhibit 11

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASETEK HOLDINGS, INC. and ASETEK A/S,<br><br>Plaintiffs,<br><br>v.<br><br>COOLER MASTER CO., LTD, and CMI USA, INC. fka COOLER MASTER USA, INC.,<br><br>Defendants. | CASE NO. 3:13-CV-00457-JST |

**EXPERT REPORT OF DR. DONALD E. TILTON REGARDING VALIDITY OF U.S. PATENT NOS. 8,240,362 AND 8,245,764**

## I. INTRODUCTION

1. I am the same Donald E. Tilton who submitted an initial expert report in this case on July 3, 2014 ("Infringement Report"), at the request of counsel for Plaintiffs Asetek Holdings, Inc. and Asetek A/S (collectively, "Asetek") regarding infringement by Cooler Master Co., Ltd. and CMI USA, Inc. (collectively "Cooler Master") of claims 14, 15, 17, 18, and 19 of U.S. Patent No. 8,240,362 ("the '362 patent") and claims 1-15, 17, and 18 of U.S. Patent No. 8,245,764 ("the '764 patent") (collectively, "the asserted claims").

2. I was asked by counsel for Asetek to consider and respond to certain opinions set forth in the expert report of Gregory P. Carman, Ph.D., dated July 3, 2014, regarding the alleged invalidity of the asserted claims ("Carman Invalidity Report").

3. My opinions regarding validity of the asserted claims are set forth below in this report (hereinafter "Validity Report").

4. This Validity Report cites exemplary portions of the alleged prior art references that support my opinion regarding the validity of the asserted claims, but the citations are informative, not exhaustive. In many cases alternative documents, drawings, and pictures further support the described technical features. One of ordinary skill in the art would read a prior art reference as a whole and in the context of the state of the art. Therefore, if I am asked to explain my opinions in this Validity Report, I may rely on the uncited portions of the prior art references, other publications, and the general state of the art to explain and aid my understanding of the cited portions of the prior art references. Further, my description of certain aspects of the prior art with respect to particular claim elements apply equally to other similar claim elements.

5. If I am called at trial to provide expert testimony regarding the opinions I have formed resulting from my analysis of the alleged prior art as set forth in this Validity Report, I intend to support or summarize my opinions with prepared appropriate

follow, I cite various documents to support my opinions. The citations are exemplary, not exhaustive and I reserve the right to rely on additional documentation if needed.

24. I have attached, as Exhibit B, a complete list of materials that I have reviewed in connection with this Validity Report. I have also relied on my experience, education, and expertise in preparing this Validity Report.

## IV. LEVEL OF ORDINARY SKILL IN THE ART

25. The context for the development of the asserted patents was in 2003, when the earliest application for these patents was filed.

26. Based on my experience as an engineer and innovator, I believe that a person of ordinary skill in the art at the time of the invention would have completed college level course work in thermodynamics, fluid mechanics, and heat transfer, and would have two or more years of experience in designing liquid cooling systems for computers.

## V. SUMMARY OF OPINION

27. For at least the reasons set forth below, it is my opinion that the asserted claims of the '362 and '764 patents are not anticipated by or rendered obvious by the prior art asserted by Dr. Carman in his report, and that the asserted claims are, therefore, not invalid on those grounds. Specifically, it is my opinion that:

    a. The asserted claims of the '362 patent are not anticipated or rendered obvious by *Ryu*;
    b. The asserted claims of the '362 patent are not obvious under *Ryu* in view of *Lee*, *Batchelder*, *Cheon*, *Liang*, *Hamman* and/or *Koga*;
    c. The asserted claims of the '362 patent are not obvious under *Lee* in view of *Ryu*, *Batchelder*, *Cheon*, *Liang*, *Hamman*, and/or *Koga*;
    d. The asserted claims of the '362 patent are not obvious under *Batchelder* in view of *Ryu*, *Lee*, *Cheon*, and/or *Laing;*

7

## XIII. SUPPLEMENTATION

221. For the purpose of preparing this rebuttal report, I have reviewed the materials and made the inquiries that I believe are appropriate considering the evidence available at this time. I understand that I will have the right to supplement or amend this rebuttal report in the event that additional evidence or information pertinent to my opinions becomes available, and I plan to do so. I may also provide further rebuttal to any opinions of other fact and expert witnesses, should I be requested to do so.

222. I reserve the right to update my opinions based on any additional relevant information in any form. This may include, but is not limited to, Cooler Master's expert reports, deposition testimony and exhibits, pretrial briefs, trial testimony, etc.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 25th day of July, 2014.

Donald E. Tilton, Ph.D.