UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASETEK DANMARK A/S,<br><br>Plaintiff,<br><br>v.<br><br>CMI USA, INC.,<br><br>Defendant. | Case No. 13-cv-00457-JST<br><br>**ORDER GRANTING MOTION TO PRECLUDE TESTIMONY OUTSIDE THE SCOPE OF DR. CARMAN'S EXPERT REPORT**<br><br>Re: ECF No. 196 |

On December 8, 2014, Plaintiff Asetek Danmark A/S moved to preclude certain testimony by CMI USA's expert, Dr. Gregory Carman. ECF No. 196. Specifically, Asetek asks the Court to preclude Dr. Carman from testifying outside the scope of his testimony in his expert report as to his opinion that the portion of the *Koga* prior art reference labelled 15F in Figure 7 of *Koga* discloses *Koga*'s thermal exchange chamber. Id. Asetek alleges that, any such testimony by Dr. Carman would violate Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, which requires that an expert witness's opening report contain "a complete statement of all opinions the witness will express and the basis and reasons for them . . . ."

The first question is whether the opinions Dr. Carman now proposes to give are either explicitly contained in his previously-provided expert report or "a reasonable synthesis and/or elaboration of the opinions contained in [that] report." nCube Corp. v. SeaChange Int'l, Inc., 809 F. Supp. 2d 337, 347 (D. Del. 2011); see also Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc., 585 F. Supp. 2d 568, 581-82 (D. Del. 2008).[1]

---

[1] To the extent that nCube can be read to suggest that an "elaboration" contained only in deposition testimony, and not in an expert report, is adequate to put an opponent on notice or comply with the disclosing party's obligations under Rule 26(a)(2)(B), see nCube, 809 F. Supp. 2d at 347, this Court rejects its holding. The Rule itself and the law intepreting it are clear that an expert's report must contain a *complete* statement of the expert's opinions and the reasons for them

The Court finds that Dr. Carman did not opine in his July 3, 2014 expert report on invalidity that 15F disclosed a portion of *Koga*'s thermal exchange chamber. It is true, as CMI contends, that Dr. Carman generally referred to the region where 15F is located and indicated that thermal exchange occurred in that area, but when asked for specifics, until Dr. Carman's August 12, 2014 deposition, Dr. Carman only indicated that *Koga*'s sucking channel, item 19 in Figure 7 of *Koga*, was the thermal exchange chamber of *Koga*. Thus, Dr. Carman did not disclose in his expert report that he believed item 15F was a portion of *Koga*'s thermal exchange chamber.

Because the Court finds that this testimony was not part of Dr. Carman's expert report, the next question is whether the late disclosure of this opinion was either substantially justified or harmless to Asetek. See Rembrandt Vision Techs., L.P. v. Johnson & Johnson Vision Care, Inc., 725 F.3d 1377, 1381 (Fed. Cir. 2013) (citing Federal Rule of Civil Procedure 37, which permits a district court to impose the sanction of excluding testimony of an expert that was outside the scope of the expert's initial report).

CMI does not argue that Dr. Carman's failure to opine earlier regarding item 15F was substantially justified. Rather, CMI contends that Asetek was not harmed by Dr. Carman's belated opinion because his opinion on the subject was offered to Asetek in deposition testimony on August 12, 2014, and Asetek was able to ask him about that opinion during that deposition. ECF No. 195 at 4-5. Asetek counters that it was harmed because it was "ambushed" by Dr. Carman's testimony, which at any rate was confusing, and that Asetek was unable to rebut it adequately or to cross-examine Dr. Carman prior to trial as to his opinion that the '764 Patent is invalid because item 15F disclosed part of *Koga*'s thermal exchange chamber. ECF No. 196 at 4 (citing Honeywell Int'l Inc. v. Universal Avionics Sys. Corp., 488 F.3d 982, 994-95 (Fed. Cir. 2007)). To the extent that Asetek asked Dr. Carman questions on this subject in his deposition, Asetek contends that it was merely distinguishing Dr. Carman's testimony from Asetek expert Dr.

---

be contained *in the expert report*, and that subsequently-given deposition testimony is not a substitution for adequate disclosure in the expert's original report. See, e.g., Med. Instrumentation & Diagnostics Corp. v. Elekta AB, No. CV-9702271-RHW, 2002 WL 34714563, at *2 n.1, *7 (S.D. Cal. Jan. 14, 2002).

2

Tilton's testimony on thermal exchange, and not asking him about the opinion he now wants to give.  Asetek maintains that at the deposition, it was unaware that Dr. Carman held that opinion.

The Court finds that CMI has not shown that Dr. Carman's belated opinion was harmless to Asetek.  First, the Court finds that Asetek was harmed by being unable to cross-examine Dr. Carman prior to trial regarding his opinion as to item 15F.  See, e.g., In re High-Tech Employee Antitrust Litig., No. 11-CV-02509-LHK, 2014 WL 1351040, at *9 (N.D. Cal. Apr. 4, 2014) (excluding expert testimony in a reply expert report that had not been disclosed in the expert's initial report because the plaintiffs in that case, who provided the reply report, thereby "deprived Defendants of the opportunity to respond [to the report].").

Second, the Court finds that, to the extent that CMI argues that Dr. Carman's deposition testimony expounding on his opinion regarding 15F cured any harm to Asetek, CMI is incorrect.  Even the cases that CMI cites on this point make clear that deposition testimony does not cure the "ambush" of a late-disclosed opinion.  See Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1107 (9th Cir. 2001) (ruling that a district court properly excluded expert testimony regarding the subject of an expert report that was disclosed a month before trial; the testimony was not harmless to the objecting party because "[t]o respond to it, [the objecting party] would have had to depose [the expert] and prepare to question him at trial") (citation omitted); Elekta AB, 2002 WL 34714563, at *2 n.1, *7 (stating that an expert "report must be complete such that opposing counsel is not forced to depose an expert in order to avoid ambush at trial" and "the purpose of Rule 26(a)(2)(B) is to obviate the need for deposition," and citing other cases and advisory committee notes to Rule 26 to this effect).

There are cases in which courts have concluded that the prejudice from late disclosure does not warrant exclusion.  In Galentine v. Holland America Line-Westours, Inc., 333 F. Supp. 2d 991 (W.D. Wash. 2004), for example, the late disclosure of the expert's opinion came several months before trial, and the Court was able to extend the discovery cut-off so that the aggrieved party could take adequate discovery of the opinion.  Id. at 993-94.  That court also allowed the jury to be informed of the fact of non-disclosure by the expert, and allowed the defendant to inform the jury that the plaintiff's expert had seen defendant's report before preparing his own report contrary to

the case schedule. Id. Here, the late disclosure came literally on the eve of trial, and the Court's only choice to remedy the prejudice to Asetek is to exclude Dr. Carman's opinion regarding 15F.

## CONCLUSION

Thus, the Court hereby EXCLUDES the testimony of Dr. Carman regarding his opinion that item 15F on Figure 7 of *Koga* discloses a portion of *Koga*'s thermal exchange chamber.

**IT IS SO ORDERED.**

Dated: December 9, 2014

	JON S. TIGAR
	United States District Judge