UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

FILED
DEC 17 2014
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

ASETEK DANMARK A/S,

    Plaintiff,

  v.

CMI USA, INC. fka COOLER MASTER USA, INC.,

    Defendant.

CASE NO. 3:13-CV-00457-JST

**FINAL VERDICT FORM**

When answering the following questions and filling out this Verdict Form, please follow the directions provided throughout the form. Your answer to each question must be unanimous. Some of the questions contain legal terms that are defined and explained in detail in the Jury Instructions. Please refer to the Jury Instructions if you are unsure about the meaning or usage of any legal term that appears in the questions below.

We, the jury, unanimously agree to the answers to the following questions and return them under the instructions of this court as our verdict in this case.

## FINDINGS ON ASETEK'S INFRINGEMENT CLAIMS

(The questions regarding infringement should be answered regardless of your findings with respect to the validity or invalidity of the patent.)

**A. Direct Infringement**

1. Has Asetek proven that it is more likely than not that CMI USA infringed one or more claims of U.S. Patent No. 8,240,362 ("the '362 patent")? An answer of "Yes" is a finding in favor of Asetek. An answer of "No" is a finding in favor of CMI USA.

Yes __✓__   No _____

2. If your answer to Question No. 1 is "Yes," mark which products infringe which claims of the '362 patent by placing an "X" in the appropriate boxes, and if not, move on to Question No. 3:

|  | **Seidon** (Seidon 120M, 120XL and 240M) | **Seidon 120V** | **Nepton** (Nepton 140XL and 280L) | **Glacer 240L** |
|---|---|---|---|---|
| **Claim 14** | X | ▓▓▓ | ▓▓▓ | X |
| **Claim 15** | X | ▓▓▓ | ▓▓▓ | X |
| **Claim 17** | X | X | X | X |
| **Claim 18** | X | X | X | X |
| **Claim 19** | ▓▓▓ | X | X | ▓▓▓ |

## B. Contributory Infringement

3. Has Asetek proven that it is more likely than not: (i) that a person or entity directly infringed one or more of the claims of Asetek's '362 patent; (ii) that CMI USA supplied an important component of the infringing part of the product; (iii) that the component was not a common component suitable for non-infringing use; and (iv) that CMI USA supplied the component with knowledge of the patent and knowledge that the component was especially made or adapted for use in an infringing manner? An answer of "Yes" is a finding in favor of Asetek. An answer of "No" is a finding in favor of CMI USA.

Yes __✓__    No _____

4. If your answer to Question No. 3 is "Yes," mark the boxes below for the claims CMI USA has contributorily infringed by selling accused CMI USA products, and if not, move on to Question No. 5:

|  | Seidon (Seidon 120M, 120XL and 240M) | Seidon 120V | Nepton (Nepton 140XL and 280L) | Glacer 240L |
|---|---|---|---|---|
| **Claim 17** | X | X | X | X |
| **Claim 18** | X | X | X | X |
| **Claim 19** | ■ | X | X | ■ |

## FINDINGS ON CMI USA'S INVALIDITY DEFENSES

(The questions regarding invalidity should be answered regardless of your findings with respect to infringement.)

## A. Anticipation

5. Has CMI USA proven that it is highly probable that a claim of Asetek's '764 patent was "anticipated," or, in other words, all the limitations of a claim of Asetek's '764 patent were disclosed in the *Koga* prior art reference? An answer of "Yes" is a finding in favor of CMI USA. An answer of "No" is a finding in favor of Asetek.

Yes _____    No __✓__

6. If your answer to Question No. 5 is "Yes," mark which claims were "anticipated," and if not, move on to Question No. 7:

Claim 1: _____    Claim 2: _____    Claim 3: _____

Claim 5: _____    Claim 6: _____    Claim 7: _____

Claim 8: _____    Claim 9: _____    Claim 10: _____

Claim 11: _____   Claim 12: _____   Claim 13: _____

Claim 14: _____   Claim 15: _____   Claim 17: _____

Claim 18: _____

**B. Obviousness**

7. The ultimate legal conclusion on the obviousness question will be made by the court. However, in order for the court to do so, you must answer the following preliminary factual questions:

   a. What was the level of ordinary skill in the field that someone would have had at the time the claimed invention was made? (check the applicable answer)

   __X__ someone who has completed college level course work in thermodynamics, fluid mechanics, and heat transfer, and would have two or more years of experience in designing liquid cooling systems for computers. OR (Asetek's position) very similar technology or

   _____ ~~someone who has completed several college level classes covering thermal and conductive properties of materials and fundamental mechanical engineering component design, or has several years of hands-on industry experience working with liquid cooling devices for computers or very similar technology. One with a more advanced degree may have had less practical experience. (CMI USA's position)~~

   The above, plus:
   __X__ other, specify  One with a more advanced degree in the above fields may have had less practical experience.

   b. What was the scope and content of the prior art at the time of the claimed invention? (check the applicable answer)

   _____ The prior art devices included a pump, a single-chamber reservoir (as that term was used in the prior art), and a cold plate as separate components that were connected using tubing or attached together with clips or screws, or Certain prior art devices had a pump and a cold plate incorporated into a single swirl chamber, which provided no separation between the pumping and the heat exchange functionalities of the liquid cooling device. (Asetek's position)

   permanently coupled.

   _____ In addition to the prior art devices described in the immediately preceding paragraph, the prior art devices also included a reservoir with two chambers, a pump, and a cold plate combined into one integrated pump head, the pump head being connected to a radiator and a fan using tubes. (CMI USA's position)

   __X__ other, specify  ASETEK'S DEFINITION ABOVE WITH THE ADDITION AS NOTED.

c. What difference, if any, existed between the claimed invention and the prior art at the time of the claimed invention?

_____ Asetek's patented invention is directed to a closed loop liquid cooling system in which cooling liquid is pumped continuously between a pump head and a heat radiator (positioned remote from the pump head). Rather than connecting together multiple separate components (as in the prior art), Asetek's patented pump head design combines, into a single unit, a pump and the claimed "reservoir" that has, among other things, dual chambers and is bounded by a removable cold plate. Also, the claimed "reservoir" in Asetek's invention is a single receptacle that is divided into an upper chamber and a lower chamber, with the upper chamber providing the pumping function and the lower chamber providing the thermal exchange function. ~~Asetek's dual-chamber design allows the pumping and the heat-exchange functionalities to be independently optimized in the separate chambers.~~ In addition to providing efficient heat removal, Asetek's patented invention includes, ~~the benefits of~~ a compact (narrow) profile, cost-effective manufacturing, and reduced risk of fluid leakage. (Asetek's position) *at least one of the following benefits over each example of prior art:*

_____ There were no meaningful differences between the scope of the claimed invention and what was known in the prior art. (CMI USA's position)

__X__ other, specify ASETEK'S POSITION ABOVE WITH NOTED CHANGES

d. Which of the following factors has been established by the evidence with respect to Asetek's claimed invention: (check those that apply)

__✓__ commercial success of a product due to the merits of the claimed invention

__✓__ a long-felt need for the solution that is provided by the claimed invention

__✓__ unsuccessful attempts by others to find the solution that is provided by the claimed invention

__✓__ copying of the claimed invention by others

__✓__ unexpected and superior results from the claimed invention

__✓__ acceptance by others of the claimed invention as shown by praise from others in the field or from the licensing of the claimed invention

_____ other factor(s) indicating obviousness or nonobviousness—describe the factor(s)_____

4

## FINDINGS ON ASETEK'S DAMAGES

8. Answer the questions on damages and proceed to check and sign the verdict form.

   a. Asetek has proved it is entitled to a reasonable royalty of **14.5** %.

   b. Damages of $ **404,941** based on sales through September 30, 2014.

---

    You have now reached the end of the verdict form and should review it to ensure it accurately reflects your unanimous determinations. The Presiding Juror should then sign and date the verdict form in the spaces below and notify the Security Guard that you have reached a verdict. The Presiding Juror should retain possession of the verdict form and bring it when the jury is brought back into the courtroom.

---

DATED: **12/17** 2014        By: _[signature]_
                                                          Presiding Juror