UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASETEK DANMARK A/S,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CMI USA, INC.,<br><br>　　　　Defendant. | Case No.  13-cv-00457-JST<br><br>**ORDER DENYING MOTION FOR DIRECTED VERDICT AS TO ASETEK'S CLAIM FOR CONTRIBUTORY INFRINGEMENT** |

This is a patent infringement case. At the close of evidence in the trial that recently concluded, Defendant CMI USA, Inc. ("CMI") orally moved for a directed verdict on Plaintiff Asetek Danmark A/S' ("Asetek") claim for contributory infringement. CMI argues that "Asetek has to show that the defendant sold the Accused Products knowing that the combination being sold was both patented and infringing, and that the components had no substantial noninfringing uses," ECF No. 213 (Transcript of Proceedings, 12/15/14) at 1483-84, and that "there's no evidence that CMI didn't have a reasonable belief that their products were noninfringing." Id. at 1485. CMI also argues that Asetek submitted no proof of direct infringement by a third party. Id. at 1483.

Under Rule 50 of the Federal Rules of Civil Procedure, a court may grant a motion for judgment as a matter of law ("JMOL") against a party on a claim or issue where the party has been "fully heard on [that] issue during a jury trial" and the court finds that a "reasonable jury would not have a legally sufficient evidentiary basis" to find for that party. Fed. R. Civ. P. 50(a). "[A] directed verdict is proper when the evidence permits only one reasonable conclusion as to the verdict." McGonigle v. Combs, 968 F.2d 810, 816 (9th Cir. 1992).[1]

---

[1] In reviewing motions for JMOL, the Federal Circuit applies the law of the regional circuit in which the district court is located. See, e.g., Enovsys LLC v. Nextel Commc'ns, Inc., 614 F.3d

"In order to succeed on a claim of contributory infringement, in addition to proving an act of direct infringement, plaintiff must show that defendant 'knew that the combination for which its components were especially made was both patented and infringing' and that defendant's components have 'no substantial non-infringing uses.'" Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc., 424 F.3d 1293, 1312 (Fed. Cir. 2005) (quoting Golden Blount, Inc. v. Robert H. Peterson Co., 365 F.3d 1054, 1061 (Fed. Cir. 2004)).  Once the plaintiff makes a *prima facie* showing that defendant's product is not suitable for substantial non-infringing use, the burden of demonstrating a non-infringing use shifts to the defendant.  Golden Blount, 438 F.3d at 1363.

Addressing CMI's first argument, Asetek sent a cease-and-desist letter to CMI on November 28th, 2012 accusing CMI's products of infringing Asetek's patents.  From that day forward, a jury could reasonably conclude (and did conclude in this case) that CMI "knew that the combination for which its components were especially made was both patented and infringing."

With regard to CMI's second argument, Asetek submitted the testimony of Dr. Donald Tilton testimony that, once assembled and installed, CMI's products infringed Asetek's patents. See, e.g., ECF No. 198 (Reporter's Transcript, 12/8/14) at 669.  Dr. Tilton also testified that CMI's products have no non-infringing uses.  ECF No. 198 (Reporter's Transcript, 12/8/14) at 672.  In further support of its case, Asetek's cross-examination of Danny Chen, the General Manager of CMI, demonstrated that CMI sells its products with instruction manuals that show third party purchasers how to install CMI products in a manner that infringes Asetek's patents. See ECF No. 203 (Reporter's Transcript, 12/11/14) at 1078, 1091, 1092, 1094-95.  For example, Mr. Chen testified as follows:

> Q. Okay. In any event, the instructions that CMI USA includes with the products that it sells specifically have drawings and pictures that show people how to install these products --
>
> A. Yes.

---

1333, 1341 (Fed. Cir. 2010).

Q. -- in their home computers. Right?

A. Yes.

Q. Okay. And those are actually drawings, so that even if you don't speak a particular language, you can probably understand how to install them. Right?

A. Yes.

Q. Right. They're designed for that very purpose. Right?

A. Yes.

Q. You want to communicate to people how to install these in their home computers. Right?

A. Yes.

Q. And what they essentially say is that the pump head, which I'm holding in my right hand -- well, it has a copper plate on the bottom of it. Right?

A. Yes.

Q. And users take -- CMI USA's customers take the pump head, and they actually install it over the CPU that is in the user's home computer. Right?

A. Yes.

Q. And they do that in the United States. Right?

A. Yes.

Q. And then they also take the radiator, and they install it over to the side. They screw it into the side of the PC box. Right?

A. Ah, they almost install in the top.

Q. They install it in the PC box. Right?

A. Yeah. Yes.

Q. And that's according to the instructions that you provide. Right?

A. Yes.

3

1  Id. at 1094-95.  Because the "the instructions packaged with each device teach the infringing
2  configuration and nothing in the record suggests that . . . any end-user ignored the instructions or
3  assembled the [products] in a manner contrary to the instructions so as to form a non-infringing
4  configuration," Golden Blount, 438 F.3d at 1363, a reasonable jury could conclude that CMI's
5  products have no non-infringing use.
6      In short, Asetek has submitted sufficient evidence on each of the elements of its
7  contributory infringement claims from which a reasonable jury could find in its favor.  CMI's
8  motion for JMOL is denied.
9      **IT IS SO ORDERED.**
10  Dated:  January 12, 2015

_____
JON S. TIGAR
United States District Judge