UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASETEK DANMARK A/S,<br><br>    Plaintiff,<br><br>v.<br><br>CMI USA, INC.,<br><br>    Defendant. | Case No. 13-cv-00457-JST<br><br>**ORDER GRANTING STIPULATED REQUEST TO SEAL TRIAL EXHIBITS AND TRANSCRIPTS, AND TO REMOVE INCORRECTLY FILED DOCUMENTS FROM THE DOCKET**<br><br>Re: ECF No. 239 |

The parties to this case have moved to file under seal three trial exhibits (numbers 210, 277 and 370) and certain specified lines of trial transcript (lines 269:6, 861:6, 909:25, 938:8, 947:15, 948:3, 948:10, 973:1, 981:10, 1010:15, 1010:25, 1011.1, 1035:9, and 1035:20), and to remove from the docket Exhibit C to Defendant CMI's Notice of Lodging of Trial Demonstratives, ECF No. 237-3, and attachment 4 to Plaintiff's Notice of Lodging of Jury Notebook Materials and Plaintiff's Trial Demonstratives, ECF No. 238-5. ECF No. 239. Asetek has filed declarations in support of sealing. ECF Nos. 239-2, 239-3. The Court will grant the stipulated request.

I.    **LEGAL STANDARD**

A party seeking to seal a document filed with the court must (1) comply with Civil Local Rule 79-5; and (2) rebut the "a strong presumption in favor of access" that applies to all documents other than grand jury transcripts or pre-indictment warrant materials. Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation and internal quotations omitted).

With respect to the first prong, Local Rule 79-5 requires, as a threshold, a request that (1) "establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law"; and (2) is "narrowly tailored to seek sealing

1 only of sealable material." Civil L.R. 79-5(b).

2 With respect to the second prong, the showing required for overcoming the strong presumption of access depends on the type of motion to which the document is attached. When a party seeks to seal materials in connection with a dispositive motion, the presumption can be overcome only if the party presents "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." Kamakana, 447 F.3d at 1178-79 (internal citation omitted).

On the other hand, when a party seeks to seal materials in connection with a non-dispositive motion, the party need only make a "particularized showing under the good cause standard of Rule 26(c)" to justify the sealing of the materials. Id. at 1180 (internal citation and internal quotation marks omitted). A court may, for good cause, keep documents confidential "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

A district court must "articulate [the] . . . reasoning or findings underlying its decision to seal." Apple Inc. v. Psystar Corp., 658 F.3d 1150, 1162 (9th Cir. 2011), cert. denied, 132 S. Ct. 2374 (2012).

## II. DISCUSSION

The parties have not identified which standard applies to this motion to seal, but under even the more demanding "compelling reasons" standard, the parties have met their burden to show that the documents they identified may be filed under seal and/or removed from the docket.

"'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." Kamakana, 447 F.3d at 1179 (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978). The Nixon court also noted that the "common-law right of inspection has bowed before the power of a court to insure that its records" are not used as "sources of business information that might harm a litigant's competitive standing." 435 U.S. at 598. The Federal Circuit has similarly concluded that under Ninth Circuit law, detailed product-specific financial information, customer information

1  and internal reports are appropriately sealable under the "compelling reasons" standard where that
2  information could be used to the company's competitive disadvantage. Apple Inc. v. Samsung
3  Elecs. Co., 727 F.3d 1214, 1226, 1228 (Fed. Cir. 2013).
4  　　　Here, the parties have submitted declarations explaining that the information they seek to
5  seal is confidential business information that has not otherwise been made available to the public
6  and that, if disclosed, would cause Asetek "commercial, competitive, and irreparable harm." The
7  Court has viewed the documents and redacted information and finds that the parties have met their
8  burden to show that the requested information and documents should be sealed.
9  　　　The Court also finds that the parties have narrowly tailored their request by seeking to seal
10 and redacting only the information that is specifically subject to seal.

## III.   CONCLUSION

"[T]he document[s] filed under seal will remain under seal and the public will have access only to the redacted version, if any, accompanying the motion." Civil L. R. 79-5(f)(1). In addition, the documents at ECF Nos. 237-3 and 238-5 shall be permanently removed from the docket and not subject to public disclosure, though the documents' removal is without prejudice to the parties' right to re-file redacted versions of these documents, as necessary or desired.

IT IS SO ORDERED.

Dated:  March 3, 2015

　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　JON S. TIGAR
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge