UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASETEK DANMARK A/S,<br><br>    Plaintiff,<br><br>    v.<br><br>CMI USA, INC.,<br><br>    Defendant. | Case No.  13-cv-00457-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>Re: ECF Nos. 273, 279 |

On July 1, 2015, Defendant CMI USA, Inc. ("CMI") moves to file under seal portions of: (1) its (Corrected) Renewed Motion for Entry of Judgment as a Matter of Law under Federal Rule of Civil Procedure 50(b)(3) and Motion for New Trial Under Federal Rule of Civil Procedure 50(b)(2) or 59 ("Motion"), (2) Exhibit 4 to the Declaration of Kyle D. Chen in Support of the Motion ("Exhibit 4"), and (3) Exhibit 6 to the Declaration of Kyle D. Chen in Support of the Motion ("Exhibit 6").[1]  ECF No. 273.  On July 6, CMI moved to file under seal portions of the (Corrected) Exhibit 4 ("Corrected Exhibit 4").  ECF No. 279.  Plaintiff Asetek Danmark A/S ("Asetek") has filed a declaration in support of sealing.  ECF No. 280.  The Court hereby GRANTS IN PART and DENIES IN PART CMI's administrative motion to file under seal.

I.  **LEGAL STANDARD**

A party seeking to seal a document filed with the court must (1) comply with Civil Local Rule 79-5; and (2) rebut the "a strong presumption in favor of access" that applies to all

---

[1] CMI did not provide the Court with an unredacted version of the documents sought to be filed under seal with clearly identifications for the portions of the document that have been omitted from the redacted version.  See Civ. L.R. 79-5(d).  Asetek's declaration in support of sealing has noted the relevant portions at page 14, lines 9 and 12 of CMI's Motion and line 6 of page 861 of Exhibit 4 to the Declaration of Kyle D. Chen in Support of the Motion.  ECF No. 280.

documents other than grand jury transcripts or pre-indictment warrant materials. Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation and internal quotations omitted).

With respect to the first prong, Local Rule 79-5 requires, as a threshold, a request that (1) "establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law"; and (2) is "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

With respect to the second prong, the showing required for overcoming the strong presumption of access depends on the type of motion to which the document is attached. When a party seeks to file materials in connection with a dispositive motion, the presumption can be overcome only if the party presents "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." Kamakana, 447 F.3d at 1178-79 (internal citation omitted). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." Id. at 1179.

On the other hand, when a party seeks to file previously sealed discovery materials in connection with a non-dispositive motion, the sealing party need not meet the 'compelling reasons' standard "because those documents are often unrelated, or only tangentially related, to the underlying cause of action." Id. (citation and internal quotations omitted). In that case, a party need only make a "particularized showing under the good cause standard of Rule 26(c)" to justify the sealing of the materials. Id. at 1180 (internal citation and internal quotation marks omitted). A court may, for good cause, keep documents confidential "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

A district court must "articulate [the] . . . reasoning or findings underlying its decision to seal." Apple Inc. v. Psystar Corp., 658 F.3d 1150, 1162 (9th Cir. 2011), cert. denied, 132 S. Ct. 2374 (2012).

## II.   DISCUSSION

"'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify

sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." Kamakana, 447 F.3d at 1179 (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978). The Nixon court also noted that the "common-law right of inspection has bowed before the power of a court to insure that its records" are not used as "sources of business information that might harm a litigant's competitive standing." 435 U.S. at 598.

The Ninth Circuit, in an unpublished opinion, has identified a trade secret in this context as "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." In re Elec. Arts, Inc., 298 F. App'x 568, 569 (9th Cir. 2008) (quoting Restatement of Torts § 757, cmt. b). In that case, applying Kamakana and Nixon, the Ninth Circuit reversed a district court for refusing to seal information that qualified under this standard. In re Elec. Arts, Inc., 298 Fed. App'x. at 569. The Federal Circuit has similarly concluded that under Ninth Circuit law, detailed product-specific financial information, customer information and internal reports are appropriately sealable under the "compelling reasons" standard where that information could be used to the company's competitive disadvantage. Apple Inc. v. Samsung Elecs. Co., 727 F.3d 1214, 1226, 1228 (Fed. Cir. 2013).

CMI seeks to seal portions of the Motion and Corrected Exhibit 4 to the Chen Declaration containing "highly confidential and proprietary information" belonging to Asetek. ECF No. 280 at 1. Asetek points out that the information appearing at page 14, lines 9 and 12 of CMI's Motion, and page 861, line 6 of Exhibit 4 to the Chen Declaration are the same information that this Court has previously ordered be sealed.[2]  See ECF No. 240 (sealing line 861:6 of the trial transcript). Asetek has previously submitted a declaration explaining that this information is confidential business information that has not otherwise been made available to the public and that, if disclosed, would cause Asetek "commercial, competitive, and irreparable harm." ECF No. 239-3.

---

[2] This is the same information at page 861, line 6 of Corrected Exhibit 4.

3

1  This Court found that this was a compelling reason to justify sealing portions of the requested
2  documents, because exposing this figure could place Asetek at a competitive disadvantage.  ECF
3  No. 240 at 3.  The Court finds that it remains a compelling reason to justify sealing portions of the
4  requested documents and grants CMI's administrative motion to file under seal portions of the
5  Motion and Corrected Exhibit 4.

6  Asetek does not, as CMI initially requested, seek to file under seal Exhibit 6 to the
7  Declaration of Kyle D. Chen in Support of the Motion.  ECF No. 280 at 2.

8  The instant motion is narrowly tailored to seal only sealable information, as Local Rule 79-
9  5 requires. In its motion, CMI sought to seal only portions of certain documents.  Asetek's
10 declaration in support of sealing further narrowed the documents subject to sealing and redaction,
11 thereby demonstrating that it was seeking to seal only information that was truly sealable.

## III. CONCLUSION

Because Asetek has identified "compelling reasons" for sealing the proposed documents and because CMI's motion is narrowly tailored to seal only sealable material, the Court hereby GRANTS CMI's motion to file under seal as to the Motion and Corrected Exhibit 4.  "[T]he document[s] filed under seal will remain under seal and the public will have access only to the redacted version[s], if any, accompanying the motion." Civil L. R. 79-5(f)(1).

Because Asetek has not filed a declaration in support of sealing Exhibit 6 to the Declaration of Kyle D. Chen, the Court hereby DENIES CMI's motion to the extent it seeks to seal that document.  The Court will not consider those portions of the document that are unsealable unless the filing party files the document in the public record without the redactions the Court has rejected, in conformance with this Order, within seven days from the date of this Order.

The hearing date and briefing schedule on the underlying motion shall remain as originally set.

**IT IS SO ORDERED**.

Dated: July 7, 2015

_____
JON S. TIGAR
United States District Judge