UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASETEK DANMARK A/S,<br><br>Plaintiff,<br><br>v.<br><br>CMI USA, INC.,<br><br>Defendant. | Case No.  13-cv-00457-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: ECF No. 289 |

On July 14, 2015, Defendant CMI USA, Inc. ("CMI") moved to file under seal portions of: (1) its Opposition to Asetek Danmark A/S's Motion for Supplemental Damages and Prejudgment ("Opposition to Supplemental Damages"), (2) the Declaration of James Pampinella in Support of CMI's Opposition to Supplemental Damages ("Pampinella Declaration"), and (3) Exhibit 1 to the Declaration of Carrie J. Richey in Support of CMI's Opposition to Supplemental Damages and CMI's Opposition to Asetek's Motion for Permanent Injunction ("Exhibit 1 to the Richey Declaration").  CMI also moves to file under seal Exhibits B, C, D, and F to the Pampinella Declaration.  Plaintiff Asetek A/S ("Asetek") has filed a declaration in support of sealing.  ECF No. 293.  The Court hereby GRANTS IN PART and DENIES IN PART CMI's administrative motion to file under seal.

### I. LEGAL STANDARD

A party seeking to seal a document filed with the court must (1) comply with Civil Local Rule 79-5; and (2) rebut the "a strong presumption in favor of access" that applies to all documents other than grand jury transcripts or pre-indictment warrant materials.  Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation and internal quotations omitted).

With respect to the first prong, Local Rule 79-5 requires, as a threshold matter, a request that (1) "establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law"; and (2) is "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). An administrative motion to seal must also fulfill the requirements of Civil Local Rule 79-5(d). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civil L.R. 79-5(d)(1)(A).

With respect to the second prong, the showing required for overcoming the strong presumption of access depends on the type of motion to which the document is attached. When a party seeks to file materials in connection with a dispositive motion, the presumption can be overcome only if the party presents "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." Kamakana, 447 F.3d at 1178-79 (internal citation omitted). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." Id. at 1179.

On the other hand, when a party seeks to file previously sealed discovery materials in connection with a non-dispositive motion, the sealing party need not meet the 'compelling reasons' standard "because those documents are often unrelated, or only tangentially related, to the underlying cause of action." Id. (citation and internal quotations omitted). In that case, a party need only make a "particularized showing under the good cause standard of Rule 26(c)" to justify the sealing of the materials. Id. at 1180 (internal citation and internal quotation marks omitted). A court may, for good cause, keep documents confidential "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

A district court must "articulate [the] . . . reasoning or findings underlying its decision to seal." Apple Inc. v. Psystar Corp., 658 F.3d 1150, 1162 (9th Cir. 2011), cert. denied, 132 S. Ct. 2374 (2012).

## II.  DISCUSSION

"'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify

sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." Kamakana, 447 F.3d at 1179 (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978). The Nixon court also noted that the "common-law right of inspection has bowed before the power of a court to insure that its records" are not used as "sources of business information that might harm a litigant's competitive standing." 435 U.S. at 598.

The Ninth Circuit, in an unpublished opinion, has identified a trade secret in this context as "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." In re Elec. Arts, Inc., 298 F. App'x 568, 569 (9th Cir. 2008) (quoting Restatement of Torts § 757, cmt. b). In that case, applying Kamakana and Nixon, the Ninth Circuit reversed a district court for refusing to seal information that qualified under this standard. In re Elec. Arts, Inc., 298 Fed. App'x. at 569. The Federal Circuit has similarly concluded that under Ninth Circuit law, detailed product-specific financial information, customer information, and internal reports are appropriately sealable under the "compelling reasons" standard where that information could be used to the company's competitive disadvantage. Apple Inc. v. Samsung Elecs. Co., 727 F.3d 1214, 1226, 1228 (Fed. Cir. 2013).

CMI seeks to seal portions of its Opposition to Supplemental Damages, portions of the Pampinella Declaration, and the entirety of Exhibits B, D, and E to the Pampinella Declaration. CMI contends that the documents contain CMI's "proprietary and highly confidential financial information, which if revealed to the general public, would materially damage CMI's business and competitive position in the market." ECF No. 289 at 3. CMI states that competitors would be able to take advantage of the confidential financial and supply chain information that could cause CMI competitive harm. Id. Portions of its Opposition for Supplemental Damages and the Pampinella Declaration contain sales figures, profit margins, and royalty rates. Exhibits B and E to the Pampinella Declaration contain calculations that are derived from CMI's confidential financial information, and Exhibit D contains supply chain information. The Court finds that CMI

3

has identified a compelling reason to justify sealing those portions of its Opposition and the Pampinella Declaration and to seal Exhibit B, D, and E in their entirety.

In support of CMI's motion to seal portions of Exhibit 1 to the Richey Declaration, both CMI and Asetek note that material at page 861, line 6, has been previously sealed by this Court. See ECF No. 282. Asetek previously submitted a declaration explaining that this information, which details certain profit margins, is confidential business information that has not otherwise been made available to the public and that, if disclosed, would cause Asetek "commercial, competitive, and irreparable harm." ECF No. 239-3. This Court found that this was a compelling reason to justify sealing portions of the requested documents, because exposing this figure could place Asetek at a competitive disadvantage. See ECF Nos. 240, 282. Asetek also supports sealing Exhibit F to the Pampinella Declaration; Exhibit F was admitted at trial as Trial Exhibit 210. The Court previously sealed the trial exhibit, see ECF No. 240, because it concerns sales and costs related to Asetek's liquid cooling systems and disclosure of that information could place Asetek at a competitive disadvantage. ECF No. 240. The Court finds that good cause has been established to seal portions of Exhibit 1 to the Richey Declaration and to seal Exhibit F to the Pampinella Declaration.

Asetek does not, as CMI initially requested, seek to file under seal Exhibit C to the Pampinella Declaration. See ECF No. 293 at 2.

The Court has viewed the documents and redacted information and finds that the parties have met their burden to show that all of requested information and documents, except for Exhibit C, should be sealed. The instant motion is narrowly tailored to seal only sealable information, as Local Rule 79-5 requires. Asetek's declaration in support of sealing further narrowed the documents subject to sealing and redaction, thereby demonstrating that it was seeking to seal only information that was truly sealable.

**CONCLUSION**

Because the parties have identified "compelling reasons" for sealing the proposed documents and because CMI's motion is narrowly tailored to seal only sealable material, the Court hereby GRANTS CMI's motion to file under seal portions of its Opposition for Supplemental

1 Damages, the Declaration James Pampinella, and Exhibit 1 to Richey Declaration and to seal

2 Exhibits B, D, and F to the Pampinella Declaration.  "[T]he document[s] filed under seal will

3 remain under seal and the public will have access only to the redacted version[s], if any,

4 accompanying the motion."  Civil L. R. 79-5(f)(1).

5       Because Asetek has not filed a declaration in support of sealing Exhibit C to the

6 Pampinella Declaration, the Court hereby DENIES CMI's motion to the extent it seeks to seal that

7 document.  The Court will not consider those portions of the document that are unsealable unless

8 the filing party files the document in the public record in conformance with this Order, within

9 seven days from the date of this Order.

10       The hearing date and briefing schedule on the underlying motion shall remain as originally

11 set.

12       **IT IS SO ORDERED**.

13 Dated:  July 23, 2015

_____
JON S. TIGAR
United States District Judge