UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASETEK DANMARK A/S,<br><br>    Plaintiff,<br><br>    v.<br><br>CMI USA, INC.,<br><br>    Defendant. | Case No. 13-cv-00457-JST<br><br>**ORDER GRANTING MOTION TO INTERVENE AND DENYING MOTION TO SUSPEND INJUNCTION**<br><br>Re: ECF No. 349 |

Before the Court is Cooler Master Co., Ltd.'s ("Cooler Master") Motion to Intervene and Motion to Suspend the Injunction. The Court will grant the Motion to Intervene and deny the Motion to Suspend the Injunction.

**I.   BACKGROUND**[1]

Plaintiff Asetek Danmark A/S[2] filed this suit against Cooler Master Co., Ltd. ("Cooler Master") and CMI USA Inc. ("CMI"), fka Cooler Master USA Inc., for patent infringement of claims 14, 15, and 17-19 of U.S. Patent No. 8,240,362 ("'362 patent") and claims 1-15, 17, and 18 of U.S. Patent No. 8,245,764 ("'764 patent). Asetek asserted that the following products infringed its patents: Cooler Master Seidon 120M, 120XL, and 240M; Cooler Master Seidon 120V and 120V Plus; Cooler Master Glacer 240L; and Cooler Master Nepton 140XL and 280L. ECF No. 1; ECF No. 130 at 1. Cooler Master and CMI jointly designed the infringing products, and CMI serves as Cooler Master's distributor in the United States. ECF No. 198 (Transcript 12/08/2014) 560:9-561:2.

---

[1] Earlier orders have set forth the background of this dispute in detail. See ECF Nos. 249, 322. The Court here provides only the limited facts necessary to provide the context for the motions before it.

[2] Plaintiff Asetek Holdings, Inc. was originally also a plaintiff but was dismissed in October 2014 for lack of standing. ECF No. 112.

In September 2014, the parties stipulated to dismiss Asetek's claims against Cooler Master with prejudice. ECF No. 84.

The case was tried to a jury in December 2014. ECF No. 189. On December 17, 2014, the jury returned a verdict in Asetek's favor, finding that the accused products infringed on both the '764 and '362 patents. ECF Nos. 218, 219.

Thereafter, the parties filed various post-trial motions, including CMI's renewed motion for judgment as a matter of law and motion for a new trial, and Asetek's motion for a permanent injunction and motion for supplemental damages. ECF Nos. 266, 267, 269. This Court denied the motion for entry of judgment as a matter of law, denied the motion for a new trial, granted the motion for entry of permanent injunction, and granted in part and denied in part the motion to alter the judgment. ECF No. 322.

In granting the entry of the permanent injunction, the Court found that Cooler Master should also be subject to the injunction as a party in "active concert or participation" with CMI. See ECF No. 322 at 28–29 (citing to FED. R. CIV. P. 65(d)). The Court discussed the substantial relationship between CMI and Cooler Master and Cooler Master's direct participation in the conduct to be enjoined. Id. at 23. The Court noted evidence showing that CMI collaborated with Cooler Master in designing, selling, and setting prices for the liquid-cooling products at issue in the case. Id.

The injunction states in full:

> (1) As used herein, "Infringing Products" shall mean the following Cooler Master products: Seidon 120M, Seidon 120XL, Seidon 240M, Seidon 120V, Seidon 120V Plus, Nepton 140XL, Nepton 280L, Glacer 240L, and products not more than colorably different from them.
>
> (2) CMI USA, Inc. and its subsidiaries and affiliated companies (collectively defined as "CMI"), as well as CMI's successors, assigns, officers, directors, agents, servants, employees, representatives and attorneys, and those persons in active concert or participation with them who receive notice of the order are hereby immediately and permanently restrained and enjoined, pursuant to 35 U.S.C. § 283 and Fed. R. Civ. P. 65(d), from making, using, offering for sale or selling in the United States, or importing into the United States, or causing to be made, used, offered for sale, or sold in the United States, or imported into the United States, the Infringing Products.

(3) Cooler Master Co., Ltd. and its subsidiaries and affiliated companies (collectively defined as "Cooler Master"), as well as Cooler Master's successors, assigns, officers, directors, agents, servants, employees, representatives and attorneys, and those persons in active concert or participation with them who receive notice of the order are hereby immediately and permanently restrained and enjoined, pursuant to 35 U.S.C. § 283 and Fed. R. Civ. P. 65(d), from making, using, offering for sale or selling in the United States, or importing into the United States, or causing to be made, used, offered for sale, or sold in the United States, or imported into the United States, the Infringing Products.

(4) Within 14 days of issuance of this order, CMI and Cooler Master shall provide written notice of this judgment and order, and the injunction ordered herein, to: their officers, directors, agents, servants, representatives, attorneys, employees, subsidiaries and affiliates, and those persons in active concert or participation with them. CMI and Cooler Master shall take whatever means are necessary or appropriate to ensure that this order is properly complied with.

(5) CMI and Cooler Master shall include a copy of this Order and the written notice in paragraph (6) below along with every bill of sale for the Infringing Products and in the boxes in which the Infringing Products are shipped or sold, regardless of where they are sold, indicating that they infringe the patents-in-suit, are subject to an injunction in the United States, and thus cannot be sold, offered for sale, imported, or used in the United States.

(6) The written notice to be provided along with every bill of sale and in the boxes in which the Infringing Products are shipped to or sold in the United States shall state:

> **This product is affected by a Permanent Injunction entered by the United States District Court for the Northern District of California in Civil Action No. 3:13-CV-00457-JST (copy enclosed). This product or its use infringes U.S. Patent Nos. 8,240,362 and 8,245,764, which are assigned to Asetek Danmark A/S. Accordingly, certain acts associated with this product are prohibited.**
>
> **This product may not be sold, offered for sale, or used in the United States. Nor can this product be imported into the United States.**

Id. at 33–34. The injunction specifically restricts Cooler Master from selling or importing the infringing products into the United States and requires that written notice be included in every bill of sale and box shipped.

On September 30, 2015, CMI filed an appeal to the United States Court of Appeals for the

Federal Circuit. ECF No. 323. On October 21, 2015, Cooler Master also filed an appeal, challenging the Court's Order denying CMI's post-trial motions and granting in part Asetek's post-trial motions. ECF No. 343. Cooler Master appeals "all interlocutory orders, decisions, and/or rulings that preceded or otherwise relate to the Order." ECF No. 343 at 2. On October 30, 2015, Cooler Master filed the instant motion to intervene and motion to suspend the injunction. ECF No. 349.

## II.  MOTION TO INTERVENE

### A.  Legal Standard

Federal Rule of Civil Procedure 24(a) allows parties to intervene in actions as of right:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

To be entitled to intervention as of right, "(1) the motion must be timely; (2) the applicant must claim a 'significantly protectable' interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action." Wilderness Soc. v. U.S. Forest Serv., 630 F.3d 1173, 1177 (9th Cir. 2011) (citing Scotts Valley Band of Pomo Indians v. United States, 921 F.2d 924, 926 (9th Cir. 1990)). Courts considering 24(a) motions follow "'practical and equitable considerations' and construe the Rule 'broadly in favor of proposed intervenors.'" Wilderness Soc., 630 F.3d at 1179 (quoting United States v. City of Los Angeles, 288 F.3d 391, 397 (9th Cir. 2002)).

### B.  Discussion

Cooler Master argues that the Court must grant intervention as of right because Cooler Master claims an interest to the injunction imposed by the Court. ECF No. 329 at 3. Asetek, while disputing some of the allegations in the motion to intervene, does not oppose the motion to intervene. ECF No. 355 at 3. The Court agrees that Cooler Master meets the requirements to

4

intervene as of right.

First, Cooler Master's motion to intervene is timely. Typically, "a post-judgment motion to intervene is timely if filed within the time allowed for the filing of an appeal." U.S. ex rel. McGough v. Covington Techs. Co., 967 F.2d 1391, 1394 (9th Cir. 1992). Although Cooler Master filed its motion to intervene after the time allowed for the filing of an appeal, Cooler Master timely filed a notice of appeal. See ECF No. 343; FED. R. APP. P. 4(a). Accordingly, and in light of the fact that Asetek does not oppose Cooler Master's motion to intervene, the Court will consider the motion timely.

Second, Cooler Master claims an interest relating to the injunction. The injunction requires Cooler Master to include a copy of the injunction and a written notice with every bill of sale for the infringing products, regardless of where they are sold, indicating that the products are subject to an injunction in the United States. ECF No. 322 at 33–34. Cooler Master argues that the injunction requires it to include the notice about the patent infringement in the United States for products that are lawfully sold overseas. Cooler Master further contends that the injunction harms its reputation outside of the United States. ECF No. 349-1, Wang Decl. ¶ 5. The Court finds that Cooler Master claims an interest in the transaction that is the subject of the action.

Third, Cooler Master is not a party to the litigation but is a party to the injunction because the Court determined that Cooler Master acted in concert with CMI. ECF No. 322 at 28–30. Cooler Master's ability to protect its interest may be impaired if not permitted to intervene in the action.

Fourth, Cooler Master plausibly alleges that CMI, the existing defendant in the action, may not adequately represent Cooler Master's interests. (Asetek is adverse to Cooler Master and is obviously a poor candidate to represent the latter's interests.) CMI is the sole distributor of Cooler Master-branded devices in the United States. See ECF No. 198 (Transcript 12/08/2014) 560:9-16. Although CMI opposed the inclusion of Cooler Master in the proposed injunction, see ECF No. 287 at 14–15, ECF No. 313 at 3, Cooler Master contends that CMI does not deal with Cooler Master's activities in regions outside of the United States. For this reason, the Court finds that CMI may not adequately represent Cooler Master's interests.

Finally, Cooler Master properly served its request to intervene pursuant to Federal Rule of Civil Procedure 5. Cooler Master served process electronically by filing its request to intervene on the case docket. See FED. R. CIV. P. 5(b)(3); Civil L.R. 5-1(h)(1).

Based on the foregoing, the Court grants the motion to intervene.

### III.  MOTION TO SUSPEND INJUNCTION

#### A.  Legal Standard

Federal Rule of Civil Procedure 62(c) authorizes the Court to suspend an order granting an injunction pending appeal. "A stay is not a matter of right, even if irreparable injury might otherwise result." Nken v. Holder, 556 U.S. 418, 433 (2009) (quoting Virginian Ry. Co. v. United States, 272 U.S. 658, 672 (1926)). A stay is, instead, "an exercise of judicial discretion . . . ." Id. (quoting Virginian Ry. Co., 272 U.S. at 672–73. "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." Id. at 433–34.

"The standard for determining whether to grant a stay pending appeal is similar to the standard for issuing a preliminary injunction." Apple, Inc. v. Samsung Elecs. Co., Ltd., No. 12–cv–00630–LHK, 2012 WL 2576136, at *1 (N.D. Cal. July 3, 2012) (citing Tribal Vill. of Akutan v. Hodel, 859 F.2d 662, 663 (9th Cir. 1988). In making this determination, a court balances four factors:

> "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."

Nken, 556 U.S. at 434 (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987).

The standard for granting a stay is a continuum. "[I]f there is a 'probability' or 'strong likelihood' of success on the merits, a relatively low standard of hardship is sufficient," but "if the balance of hardships tips sharply in . . . favor' of the party seeking the stay, a relatively low standard of likelihood of success on the merits is sufficient." Golden Gate Rest. Ass'n v. City and County of San Francisco, 512 F.3d 1112, 1119 (9th Cir. 2008) (quoting Lopez v. Heckler, 713 F.2d 1432, 1435 (9th Cir. 1983). The first two factors "are the most critical." Nken, 556 U.S. at 434.

**B.    Discussion**

Part of the injunction requires CMI and Cooler Master to include written notice about the infringement action in future sales of the infringing products with every bill of sale and boxes shipped. Cooler Master requests that the Court suspend the written notice portion of the injunction, arguing that the injunction restrains Cooler Master's lawful foreign activities. ECF No. 349 at 6. CMI opposes the request, arguing that Cooler Master fails to show that a stay is warranted and that Asetek continues to be harmed in the United States by the sale of Cooler Master's products. ECF No. 355 at 2.

Having reviewed the parties' briefs and the Court's permanent injunction order, the Court is not convinced that Cooler Master has met its burden of showing that a stay of the injunction is warranted pending appeal.

**1.    Whether Cooler Master Has a Substantial Case for Relief on the Merits**

Courts use different formulations to describe the first Nken factor, including "reasonable probability," "fair prospect," "substantial case on the merits," and "serious legal questions . . . raised." Lair v. Bullock, 697 F.3d 1200, 1204 (9th Cir. 2012). These formulations "are largely interchangeable," and "indicate that, 'at a minimum,' a petitioner must show that there is a 'substantial case for relief on the merits.'" Id. (quoting Leiva–Perez v. Holder, 640 F.3d 962, 968 (9th Cir. 2011). "The standard does not require the petitioners to show that 'it is more likely than not that they will win on the merits.'" Id. (quoting Leiva–Perez, 640 F.3d at 966).

Cooler Master argues it is likely to succeed on appeal "to the extent [the Injunction] purports to affect Cooler Master's lawful foreign activities that are not in active concert with CMI." ECF No. 349 at 6. In its motion, Cooler Master relies on Spine Sols., Inc. v. Medtronic Sofamor Danek USA, Inc., 620 F.3d 1305 (Fed. Cir. 2010), and Johns Hopkins Univ. v. CellPro, Inc., 152 F.3d 1342 (Fed. Cir. 1998), to show that Cooler Master's overseas sales are the types of "activities on which judicial restraint cannot be imposed and must be avoided." ECF No. 349 at 6.

Cooler Master cites to Spine Sols. to argue that an "injunction's extraterritorial restraints [were] vacated for abuse of discretion." ECF No. 349 at 7. In Spine Sols., however, the district court permanently enjoined sales of products that were outside of the United States. Spine Sols.,

7

620 F.3d at 1320. The district court prevented the "using, selling, offering for sale, or otherwise transferring any of the accused devices that have already been exported." Id. (internal quotation omitted). The Federal Circuit reversed, finding that the "overseas sales of the [defendant's] products cannot infringe any U.S. patent, and there is little risk that the infringing devices will be imported." Id. The Federal Circuit found "the extraterritorial portion of the injunction appears to be premised solely on [defendant's] past infringement, not on the prevention of future infringement" and was therefore an abuse of discretion. Id. Unlike the injunction at issue in Spine Sols., the Court's injunction in the instant action does not prevent the sale of overseas products. The injunction is designed to address *future* infringement by products that may be imported to the United States, by requiring that the infringing products contain written notice. See id. at 1320 ("An injunction is only proper to prevent future infringement of a patent, not to remedy past infringement.").

Cooler Master's reliance on Johns Hopkins is similarly unavailing. In Johns Hopkins, the district court ordered the repatriation and destruction of six vials, containing product that infringed a patent, which had been exported to Canada. Johns Hopkins, 152 F.3d at 1365. The vials were exported prior to the issuance of the patent, and the court found that the vials "standing alone" did not infringe the patent. Id. at 1366. Thus, Federal Circuit held that the district court abused its discretion because "[t]he repatriation aspect of the order does not enjoin activities that either have infringed the [] patent or are likely to do so and thus does not prevent infringement . . ." Id. As the court emphasized, an injunction may reach extraterritorial activities, "even if these activities do not themselves constitute infringement," but it is necessary "that the injunction *prevent infringement* of a United States patent." Id. at 1366-67 (Fed. Cir. 1998) (emphasis in original).

On reply, Cooler Master also argues the injunction is improper because it restrains Cooler Master's "wholly independent" conduct that is not in active concert with CMI. Cooler Master relies on Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc., 96 F.3d 1390 (Fed. Cir. 1996), to support its argument. Additive Controls concerned meters used to measure the flow of one liquid into another (also called "flowmeters"). Id. at 1391. Flowdata accused Additive Controls of infringing its patent, and prevailed at trial. Id. at 1392. Before judgment was entered,

8

Additive Controls' president – who was not a named party to the litigation – formed two companies to manufacture flowmeters that Flowdata accused of infringing its patent and located two companies to distribute the flowmeters. Id.  When Flowdata brought these facts to the district court's attention, the court modified the injunction to name the president and all four of the entities involved in the manufacture or distribution of the new flowmeters. Id.  The order required the entities not to destroy their inventory of product, directed them to provide an accounting, and ordered royalty payments. Id.  The district court noted that none of the corporate entities had been parties in the underlying infringement case, but concluded that the entities and the agent had acted in concert with the enjoined infringing party. Id. at 1392–93.

The four corporate entities appealed, and the Federal Circuit vacated the paragraph of the district court's injunction adding them as restrained parties. Id. at 1391.  The Federal Circuit stressed that although the four corporate entities had a relationship with the agent of an infringing party, this did not justify imposing injunctive relief against the corporate entities. Id. at 1396.  The Federal Circuit differentiated between the propriety of holding the corporate entities in contempt for assisting the agent with violating the injunction and the impropriety of "granting injunctive relief against the non-party in its separate capacity." Id. at 1395–96.  The Federal Circuit noted that the injunction against the entities meant that the entities did not have the opportunity to contest the assertion that their products infringed on the patent. Id. at 1397.  In effect, the patent owner sought permanent injunctive relief against the four corporate entities without an adjudication of infringement against them. Id.

The present case is not like Additive Controls.  First, in this case there was sufficient evidence – including Cooler Master and CMI's exclusivity agreement and Cooler Master and CMI's joint development of the infringing products – for the Court to determine that they were working in active concert.  In other words, Cooler Master was working in active concert with an infringing party. See ECF No. 322 at 31–32.  Second, the injunction entered by this Court does not prevent Cooler Master from selling products outside of the United States or require that Cooler Master destroy the products the jury found to have infringed Asetek's patent.  The injunction simply restricts CMI and Cooler Master from importing to or selling in the United States the

infringing products and requires that written notice regarding the injunction be included in future sales.

Cooler Master's next argument is that because it was dismissed with prejudice from the underlying action, it cannot be made a party to the injunction. ECF No. 349 at 7; ECF No. 357 at 5–6. Cooler Master argues that because Asetek stipulated to dismiss Cooler Master from the action with prejudice, "Cooler Master has been effectively found *not* to have infringed the patents-in-suit at all." ECF No. 357 at 6 (emphasis in original).

Cooler Master cites no authority to support this argument, and it does not persuade the Court. As Cooler Master correctly states, the effect of Asetek's dismissal with prejudice is that Asetek is precluded from reasserting the same claims against it in a subsequent action. But that does not give Cooler Master a free pass to assist an adjudicated infringer going forward in violating Asetek's patent rights.

Because the injunction imposes no unnecessary restraints on lawful activity, and because Cooler Master is an appropriate subject of the injunction under Rule 65(d)(2), Cooler Master does not have a substantial case for relief on the merits.

### 2. Whether Cooler Master Has Demonstrated Irreparable Harm

Next, Cooler Master argues it will suffer irreparable harm to its reputation in regions outside of the United States absent the stay. ECF No. 349 at 7. For a stay to issue, there must be a likelihood that substantial irreparable harm will be immediate in the absence of a stay. See Realtek Semiconductor, Corp. v. LSI Corp., No. C-12-3451-RMW, 2014 WL 2738226, at *4 (N.D. Cal. June 16, 2014) (denying permanent injunction); Apple, 2012 WL 2576136, at *1 (standard for issuing stay similar to that for preliminary injunction).

Cooler Master contends that notice of the injunction will confuse its European and Asian customers and will create doubt regarding the legitimacy of Cooler Master's products. ECF No. 357 at 8. As a preliminary matter, this harm is too speculative to satisfy the "irreparable injury" test. Realtek, 2014 WL 2738226, at *4. Moreover, the written notice is designed to limit domestic infringement and specifies that the products are subject to an injunction in the United States and cannot be sold in or imported to the United States. See ECF No. 322 at 30–34. The

statement is not confusing or misleading. It is also true. Cooler Master has not established the irreparable harm it will suffer if this portion of the injunction is not suspended.

### 3. Whether Issuance of the Stay will Substantially Injure Other Parties' Interests

As to the third factor, Cooler Master argues in a few short sentences that "neither Asetek nor CMI can claim to be injured within the purview of this action by a stay of the Injunction . . . ." ECF No. 349 at 8. The argument ignores the Court's prior finding that Asetek would suffer irreparable harm in the absence of an injunction. ECF No. 322 at 21–26. Allowing Cooler Master to introduce infringing products into global commerce without taking reasonable steps to prevent their importation into the United States harms Asetek's legitimate interests. The Court finds that Cooler Master has not met its burden as to this factor.

### 4. Whether the Public Interest will be Harmed by a Stay

As to the public interest, Cooler Master says only that its "lawful, non-infringing sales to regions outside of the United States are unrelated to the public interest in connection with this action." ECF No. 349 at 8. Once again, Cooler Master ignores the purpose and effect of the injunction, which is to prevent importation of infringing products into the United States and to prevent Cooler Master from acting in concert with CMI to violate Asetek's patent rights. These prohibitions do not extend to lawful activities outside the United States. As the Court previously discussed, the public has an interest in the protection of property rights. ECF No. 322 at 27–28. Because the injunction is designed to prevent future, domestic infringement, Cooler Master's argument that the public interest will not be harmed by the stay is unconvincing.

Having balanced the Nken factors, the Court finds that Cooler Master has demonstrated a low probability of success and that the balance of hardships tips in favor of Asetek. The Court will deny Cooler Master's request to suspend the injunction.

/ / /

/ / /

/ / /

/ / /

**CONCLUSION**

For the reasons set forth above, the Court grants Cooler Master's Motion to Intervene and denies Cooler Master's Motion to Suspend the Injunction.

IT IS SO ORDERED.

Dated: January 4, 2016

_____
JON S. TIGAR
United States District Judge